LEWIS MAY, Assignee,

*v.*

THE FIRST NATIONAL BANK OF ATTLEBORO.

*Filed at Ottawa November 11, 1887.*

1.  CONFLICT OF LAWS—*voluntary assignment for benefit of creditors, made in another State—whether enforcible here.* A voluntary assignment made in another State by a non-resident debtor, executed in conformity with our laws in respect to the conveyance of property, inconsistent, in substantial respects, with our statute relating to assignments, will not be enforced here to the detriment of our citizens; but for all other purposes, if the assignment be valid by the *lex loci,* it will be carried fully into effect. *Rhawn* v. *Pearce,* 110 Ill. 350, is not in conflict with this rule, as in that case the assignment was by operation of the law of another State, which could not pass property out of its limits.

2.  Non-resident owners are authorized by our laws to make conveyances of land situated in this State, if made pursuant to our law for the making

of such conveyances. Therefore, a voluntary assignment of a non-resident debtor in form sufficient to convey real estate, will be held valid, unless made in contravention of some law or policy of this State.

3. SAME—*preference among creditors—in a foreign voluntary assignment.* The provision in our statute prohibiting all preferences in assignments by debtors, applies only to those made in this State, and not to those made in other States. The statute concerns only domestic assignments and domestic creditors.

4. Non-resident debtors may execute voluntary assignments, with or without preferences, among foreign creditors, as they may see fit, so long as creditors in this State are not injuriously affected thereby.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. JAMES S. NORTON, for the appellant:

*Heyer* v. *Alexander,* 108 Ill. 385, was a voluntary assignment by non-residents, of property here, and it was held valid except as against resident creditors. *Rhawn* v. *Pearce,* 110 Ill. 350, does not overrule the same, so far as it favors citizens of the State. The last case merely decides that an assignment by operation of law in Pennsylvania does not pass property in Illinois, thus making a distinction between a voluntary and statutory assignment. *Dehner* v. *Rolling Mills,* 7 Bradw. 47.

The prohibition of preferences in the statute is only as to assignments made in this State. (Rev. Stat. chap. 72, sec. 49.) The right to prefer creditors is given by the New York statute, and the same right existed at common law. *Cooper* v. *McClure,* 16 Ill. 435.

A foreign assignment sufficient to pass real estate in this State will be upheld and enforced except as against the interests of domestic creditors of the assignor. *Chaffee* v. *Bank,* 71 Me. 514; *Ockerman* v. *Cross,* 54 N. Y. 29; *Female Academy* v. *Sullivan,* 116 Ill. 375; *Bentley* v. *Whittemore,* 19 N. J. 462; *Thurston* v. *Rosenfeld,* 42 Mo. 474; *Cowell* v. *Springs Co.* 100 U. S. 55.

The "privilege and immunity clause" in the Federal constitution has no application.  *Chaffee* v. *Bank, supra; Connor* v. *Elliott,* 18 How. 591; *McCready* v. *Virginia,* 94 U. S. 391; *Coryell* v. *Coryell,* 4 Washb. C. C. 371.

Mr. GEORGE L. THATCHER, for the appellee:

The assignment, with the preferences, made in New York, and relied upon by appellant, is not operative as a conveyance of real estate in this State, as against an attaching creditor, a resident of Massachusetts.  *Rhawn* v. *Pearce,* 110 Ill. 350; *National Bank* v. *Lacombe,* 84 N. Y. 367; *Brown* v. *Knox,* 6 Mo. 306; *Upton* v. *Hubbard,* 28 Conn. 275; *Paine* v. *Lester,* 44 id. 204; *Warner* v. *Jaffray,* 96 N. Y. 248; *Kidder* v. *Tufts,* 48 N. H. 121; *Davis* v. *Pierce,* 7 Minn. 13; *Jackson* v. *Butler,* 8 id. 117; *McFarland* v. *Butler,* id. 116.

It will not be enforced, because it contains preferences. *Bryan* v. *Brisbin,* 26 Mo. 423; Story on Conflict of Laws, sec. 388.

In the case of *Insurance Co.* v. *Commercial Bank,* 68 Ill. 348, this court has said: "No doctrine is better settled by authority than that the title to real estate or immovable property can only be affected in the mode recognized by the laws of the State within whose territory it is situated."  Story on Conflict of Laws, (8th ed.) 609; *Bethell* v. *Bethell,* 92 Ind. 310; *Osburn* v. *Adams,* 18 Pick. 245.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

On July 12, 1884, the firm of Halsted, Haines & Co., of New York, made a general assignment to Lewis May, of all partnership and individual property, for the benefit of creditors, providing for certain preferences in case the estate should not be sufficient to pay all creditors in full.  On August 22, 1884, the First National Bank of Attleborough, Massachusetts,

commenced suit, by attachment, against Halsted, Haines & Co., in the Superior Court of Cook county, Illinois, and the writ was levied upon certain real estate in Cook county covered by the deed of assignment. Lewis May, the assignee, interpleaded, setting up the deed of assignment, and alleging the insolvency of the assignors, the proper execution of the deed, that it was made in conformity to the laws of New York, that the deed of assignment was recorded in the recorder's office of Cook county on July 28, 1884, and that the plaintiff in the attachment had actual notice of the deed before the commencement of the suit. A demurrer to the plea was sustained and the plea dismissed. The judgment was affirmed by the Appellate Court for the First District, and the claimant, May, appeals to this court.

The deed of assignment was executed in conformity with the requirements of our law for the conveyance of real estate situated in this State. In *Heyer* v. *Alexander*, 108 Ill. 385, it was decided that a voluntary assignment by a non-resident, of property in Illinois, for the benefit of his creditors, was not operative to convey the title to the property, as against resident creditors in this State suing by attachment.

The further inquiry for us in this case is, whether such an assignment is valid as against creditors who do not reside in this State, or that of the assignor. *Rhawn* v. *Pearce*, 110 Ill. 350, was a case where, under a domestic attachment in a court of Pennsylvania, trustees of the estate of the debtor had been appointed by the court, the effect of which, under the statute of that State, was to vest the trustees with all the estate of the debtor. After the time of such vesting of the debtor's estate, creditors of the debtor,—residents of Pennsylvania,—brought an action by attachment against him in this State, and it was decided by this court that such statutory assignment was inoperative as against said creditors attaching effects of the debtor in this State. That case is supposed by appellee's counsel to be an authority in their favor that a voluntary assignment made without the State, of property situated in

this State, will be held to be invalid, as well against foreign as against domestic creditors attaching the property here. This is a misapprehension of that decision. That case was one of a transfer by mere operation of law, without any conveyance at all by the owner of the property, where the law of Pennsylvania, by whose operation, alone, the property was transferred, could not have any extra-territorial effect, and in such a case as that the assignment was held to be inoperative in this State, alike against our own citizens and the citizens of other States. The distinction between voluntary assignments, and those by operation of law, was clearly taken. In a citation there made, there is language used, which, abstractly taken, might imply that there was no distinction in this respect to be admitted in a court between the citizens of its own State and those of another State. The case in 84 N. Y. 367, from which the citation was made, was one like that of *Rhawn* v. *Pearce*,—an assignment by operation of law; and as used with reference to such a case, the language was correct, and we adopted and applied it as correct, in reference to such a case, in *Rhawn* v. *Pearce*. But in the broad extent that in no case should a court hold to a distinction, in pursuing legal remedies, between citizens of its own State and those of another, we are not ready to yield assent thereto. It is not a proposition warranted by the authorities.

Non-resident owners are authorized, by our laws, to make conveyances of land situated in this State, if made pursuant to our law for the making of such conveyances. The assignment in question is a voluntary conveyance, made, in form, pursuant to our statute for the conveyance of real estate. It should then be held valid, unless it was made in contravention of some law or policy of the State. It is claimed the assignment does contravene our statute respecting assignments for the benefit of creditors, in that our statute forbids preferences among creditors, and this assignment makes such preferences. The provision of our statute is: "Every provision in any as-

signment hereafter made in this State, providing for the payment of one debt or liability in preference to another, shall be void, and all debts and liabilities within the provisions of the assignment shall be paid *pro rata* from the assets thereof." It is thus seen that the provision, in express terms, is limited to assignments made in this State. This assignment was not made in this State, but was made in the State of New York, where such preferences are allowed. Our statute does not apply to an assignment made without the State, and the assignment is not in contravention of the statute.

It is then claimed, that if not against the terms, the assignment is against the policy of the statute. The statute concerns only domestic assignments and domestic creditors. It is a regulation with respect to them alone, and beyond them the policy of the act does not extend. An assignment giving preferences, though made without the State, might, as against creditors residing in this State, with some reason, be claimed to be invalid, as being against the policy of the statute in respect of domestic creditors,—that it was the policy of the law that there should be an equal distribution with respect to them. But as the statute has no application to assignments made without the State, we do not see that there is any policy of the law which can be said to exist with respect to such assignments, or with respect to foreign creditors, and why non-residents are not left free to execute voluntary assignments, with or without preferences, among foreign creditors, as they may see fit, so long as domestic creditors are not affected thereby, without objection lying to such assignments that they are against the policy of our law. The statute was not made for the regulation of foreign assignments, or for the distribution, under such assignments, of a debtor's property among foreign creditors.

A parallel case with the one at bar, is that of *Bentley* v. *Whittemore*, 19 N. J. Eq. 462,—a case of a voluntary assignment, with preferences among creditors, made in the State

of New York, and covering land in the State of New Jersey. The law of New Jersey prohibited such preferences; the law of New York allowed them. The court, in the previous case of *Varnum* v. *Camp*, 1 Green, 326, had held, as we did in *Heyer* v. *Alexander*, that such an assignment was invalid as against creditors resident in New Jersey; but in the latter case of *Bentley* v. *Whittemore*, the court sustained such an assignment made in the State of New York against creditors who did not reside in New Jersey, and alike against creditors, citizens of New York and of other States than that of New Jersey. It was held that the New Jersey law applied only to assignments made within that State, and to domestic creditors; and that the enforcement of the assignment, in its application to the citizens of New York or other States, did not in any way contravene any law or policy of the State of New Jersey. The court said: "The true rule of law and public policy is this: that a voluntary assignment made abroad, inconsistent, in substantial respects, with our statute, should not be put in execution here, to the detriment of our citizens, but that for all other purposes, if valid by the *lex loci*, it should be carried fully into effect." To the same effect is *Chafee* v. *Fourth National Bank*, 71 Me. 514.

The rule held in these cases meets our concurrence, as in accordance with principle and the weight of authority.

The judgment is reversed, and the cause remanded to the Superior Court of Cook county.

*Judgment reversed.*

Mr. JUSTICE SCOTT, dissenting.