TOWNER K. WEBSTER, RECEIVER,

v.

NOBLE B. JUDAH, ASSIGNEE.

</div>

*Insolvency—Jurisdiction—Rights of Resident Creditors of Foreign Insolvent—Order to Pay Dividends, not Final—Garnishment—Jurisdiction.*

1. It is the policy of the law to secure to resident creditors of a foreign insolvent priority over foreign creditors as to assets here situated.

2. An order of the County Court directing the assignee of an insolvent's estate to pay to the receiver of a foreign insolvent's estate all dividends th·reafter declared on a claim held by the latter, is not a final order. It may be set aside on good cause shown at any time before the payment of the final dividend.

3. In the case presented the County Court should have granted the petition of the appellant for leave to garnishee the assignee of a resident insolvent, on a claim against the estate of the foreign insolvent.

4. The County Court is not a court of equity for the disposition of all incidental disputes between cred'tors of insolvents and third parties growing out of antagonistic claims to dividends payable from the insolvent estate.

Webster v. Judah.

[Opinion filed September 19, 1888.]

APPEAL from the County Court of Cook County; the Hon.
RICHARD PRENDERGAST, Judge, presiding.

The appellant, a citizen of Illinois, was appointed receiver
of the partnership estate of Mershon & Bancroft, also citizens
of Illinois, by the Superior Court of Cook County, December
17, 1887.  Among the assets coming into the hands of the
receiver was a valid claim for about $2,500 against the
New Haven Wire Company, a corporation organized under
the laws of Connecticut.  That company became insolvent,
and S. A. Galpin was appointed receiver thereof by the Pro-
bate Court of New Haven County, in the State of Connecti-
cut, on the 6th day of September, 1887.  Among the assets
of the company was a claim for a large amount against the
firm of Sherman & Marsh.  The latter firm became insolvent
prior to September 6, 1887, and appellee was appointed its
voluntary assignee for the benefit of creditors, and the estate
of the firm being in process of settlement in the County Court
of Cook County, said company duly proved therein its claim
against the estate of said Sherman & Marsh.  September 24,
1887, the receiver of said company presented to the County
Court a certified copy of the order of court appointing him,
and an order was then entered by the County Court substitut-
ing Galpin, receiver, as claimant in place of said company, and
directing said assignee to pay to said Galpin, as receiver, any
and all dividends that might be declared on said claim.  Two
dividends were ordered by the County Court, and paid by
appellee to Galpin.  Thereupon appellant filed his petition in
the County Court, praying for an order directing appellee to
pay appellant to the extent of his claim, out of any dividends
which might thereafter become due and payable on said com-
pany's claim.  On February 10, 1888, a third dividend was
declared, but was not paid to Galpin on account of an order
of the County Court, entered on the said petition of appellant,
directing appellee to hold the same until the further order of the
court.  Appellant then commenced suit against said company

on said claim, with attachment in aid, in the Superior Court of Cook County, and thereafter filed this supplemental petition in the County Court, praying for leave of that court to garnishee appellee in the attachment. The New Haven Wire Company has no other assets than its said claim against the estate of Sherman & Marsh.

The facts herein stated are admitted by both parties. The County Court denied the prayers of the petitions and dismissed the same expressly and solely because of its order of September 24, 1887, and the payment of the first two dividends to Galpin, receiver, and that by reason thereof, said Galpin would be able to successfully maintain his title to the third dividend in case he was garnisheed as proposed by appellant.

Messrs. MOSES & NEWMAN and MILLARD R. POWERS, for appellant.

Appellant is a resident creditor and the Illinois courts protect resident creditors. This is the theory of our attachment laws. Hyer v. Alexander, 108 Ill. 395, cited in Lipman v. Link, 20 Ill. App. 364.

The doctrine is well settled that "the powers of a receiver are co-extensive only with the jurisdiction of the court making the appointment, and particularly that a foreign receiver should not be permitted, as against the claims of creditors resident in another State, to remove from such State the assets of the debtor, it being the policy of every government to retain in its own hands the property of a debtor until all domestic claims against him have been satisfied." C., M. & St. P. Ry. Co. v. Packet Co., 108 Ill. 322; High on Receivers, Sec. 47.

We contend that if the dividend has actually been paid over to the Connecticut receiver, he being in this State with the fund, would, as against a domestic creditor, be subject to our garnishment laws. But the case at bar is much stronger, and we pray for the reversal of the order of the County Court and for an order that said court proceed to grant petitioner leave to implead the appellee.

Mr. JOSEPH WRIGHT, for appellee.

No case has been cited by appellant which holds that a foreign receiver, taking title not only by his appointment, but also by absolute deed of conveyance, can be forced to hand over property to a resident attaching creditor, after he has once taken possession of it for the benefit of all the creditors. In the very case cited by appellant, the C., M. & St. P. Rd. Co. v. Packet Co., 108 Ill. 325, the Supreme Court recognize the right of the foreign receiver, who has once taken possession of property, to hold it as against resident creditors.

Nearly all the cases found on this point are cases where resident creditors have attached property before the assignee or receiver had taken, or in any way attempted to take possession of the property, and where the assignee or receiver came into the proceeding by way of interpleader and claimed the property. In the case before this court the position of appellant is different from that of the attaching creditors. Here Mershon & Bancroft and the appellant had obtained no fixed legal rights to the fund or claim prior to the possession thereof taken by Galpin.

Upon this point the attention of the court is called to the case, Patterson v. Lynde, 112 Ill. p. 207, at the end of which the court used the following language: " The doctrine is recognized by this court that a receiver should not be permitted, as against the claims of creditors resident in another State, to remove from such State the assets of the debtor, but, where resident creditors have no fixed legal claim to the property, he may be allowed, as a matter of comity, to remove the same."

GARNETT, J.   This record shows conclusively, as between appellant and appellee, that appellant's claim against the New Haven Wire Company is just and lawful, and the only hope of collecting it is by garnisheeing the appellee. Unless there is some inexorable rule of law or practice to the contrary, the County Court should have granted the prayer of the amended petition.   That court could not entertain the controversy and mete out justice to the rival claimants.   It is not a court of equity for the disposition of all incidental disputes between creditors of insolvents and third parties, growing out of antagonistic claims to dividends payable out of the insolvent estate. The amount involved exceeds the jurisdictional limit of the

County Court. Either party was entitled to a jury trial, and that court had no jurisdiction at law of the case. Appellant is remediless, unless he is permitted to proceed with his suit at law and garnishee appellee. Appellant is a resident creditor of the New Haven Wire Company, representing the estate of resident creditors of that company, and the policy of our law secures to creditors resident in this State, if they avail themselves of it by proper legal steps, a priority as against foreign creditors on the assets here situated and belonging, or debts here owing to the estate of a foreign insolvent. Heyer et al. v. Alexander et al., 108 Ill. 385.

Domestic creditors may, by suitable proceedings, prevent the removal from this State of assets of that character until their own claims are satisfied. Galpin, the receiver appointed by the Connecticut court, now proposes to collect the money due the foreign insolvent and administer it under the laws of that State, thus compelling the domestic creditor to seek relief in a foreign jurisdiction, where, for aught we know, the entire fund may be absorbed by creditors on whose motion Galpin was appointed, to the exclusion of appellant.

The ground upon which the court based its denial of appellant's prayer, is not sound. The order of September 24, 1887, was not a final order, but might have been set aside, on good cause shown, at any time before the payment of the final dividend. Moreover, appellant was not a party to the proceeding at that time, and he can not be prejudiced thereby. Galpin is not a *bona fide* purchaser, whose claim must be respected in an attachment suit. One having a prior equity, as we have seen is the case with appellant, has a superior right, of which he can not be deprived by a transfer to one paying no consideration. Born v. Staaden, 24 Ill. 320.

The County Court should have granted appellant leave to proceed against the appellee by way of garnishment, otherwise there is a manifest failure of justice.

We express no opinion as to whether appellant shall sue in his own name or in that of Mershon & Bancroft. He should be permitted to proceed in that respect as he may be advised.

The order of the County Court is reversed and remanded.

*Reversed and remanded.*