Ford v. Holbrook.

## Ford v. Holbrook, Receiver, et al.

1. CREDITORS—*Rights of Resident and Non-resident.*—The policy of our law secures to creditors resident in this State, if they avail themselves of it by proper legal steps, a priority as against foreign creditors on the assets here situated and belonging, or debts here owing to the estate of a foreign insolvent.

2. CONTEMPT OF COURT—*Instituting Attachment Suits After the Appointment of a Receiver.*—A person resident in this State instituted attachment suits in the courts of Nebraska and Missouri and garnished debtors of a corporation existing under the laws of New York, but for which corporation, a receiver of the accounts and notes receivable, debts due and all choses in action had been appointed by the Superior Court of Cook County. *It was held,* that in instituting and prosecuting said suits, the plaintiff therein was not guilty of contempt of the Superior Court appointing the receiver.

**Memorandum.**—Attachment for contempt. In the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Appeal from an order adjudging appellant guilty of contempt. Heard in this court at the March term, A. D. 1893. Reversed. Opinion filed May 24, 1893.

STATEMENT OF THE CASE.

On December 7, 1892, Charles Palmer recovered a judgment against the Powerville Felt Roofing Company, in the Superior Court of Cook County, for $20,013.75; an execution was issued and delivered to the sheriff of Cook county, and returned by him "no part satisfied;" on the same day the judgment was recovered; immediately Palmer filed a creditor's bill against the company, and praying for the appointment of a receiver.

The court, on motion, appointed Holbrook receiver, who immediately qualified. By the order of the court he was appointed receiver of the books and accounts receivable, notes receivable, debts due, and all choses in action of the Powerville Felt Roofing Company which belonged to or were held in trust for it.

On January 7, 1893, Holbrook filed a petition setting forth his appointment as receiver, alleging that among the accounts receivable of the company was one due from

Jones Bros. and Humphrey for $633.10, and one from Enger, Adams and Kelly for $144, both of Omaha, Nebraska, and one from W. E. Camp Roofing and Manufacturing Company, of Kansas City, Missouri, for $1,090.29; that about December 9, 1892, he notified said debtors by mail that he was entitled to said amounts. That appellant Ford, a resident of Illinois, and doing business in the city of Chicago, had, on December 17, 1892, caused an attachment suit to be begun in the District Court of Douglas County, Nebraska, against the Powerville Felt Roofing Company, Limited, and had summoned as garnishees said Jones Bros. and Humphrey, and Enger, Adams and Kelly, and that Ford had also, in December, 1892, begun an attachment suit against the same company in the District Court of Jackson County, Missouri, and had garnisheed W. E. Camp Roofing and Manufacturing Company, and had instituted and was prosecuting said suits, with full knowledge of the appointment of said Holbrook as receiver, and prayed for an order on Ford to show cause why he should not be attached for contempt of court in interfering with said receiver. The court entered an order on Ford to show cause within ten days, and enjoined him from further prosecuting his suits against the Powerville Felt Roofing Company until the matter had been heard by the court. Ford answered the petition, admitting the appointment of Holbrook as receiver and the institution of the suits mentioned in the receiver's petition, but denied that he was appointed receiver of or entitled to receive or collect the accounts mentioned in the receiver's petition, or that appellant instituted and prosecuted said suits with a full knowledge of Holbrook's appointment as receiver; that the Powerville Felt Roofing Company was a corporation organized and doing business under and by virtue of the laws of the State of New York, and was not organized or doing business under and by virtue of any of the laws of the State of Illinois, nor was it at the time of the filing of the bill of complaint, or since said time, a resident of the State of Illinois, nor were any of its officers or agents residents

of or engaged in carrying on any business of said company in the State of Illinois.

On the hearing Ford was adjudged guilty of contempt and ordered to dismiss both of said suits, which he again declined to do, whereupon the court adjudged him guilty of contempt and committed him to the county jail until such time as he should dismiss or cause said suits to be dismissed. From this order of the court Ford appealed.

C. B. SAMSON, attorney for appellant.

FLOWER, SMITH & MUSGRAVE, attorneys for appellee.

OPINION OF THE COURT, GARY, P. J.

The circumstances of this case are precisely analogous to those in Sercomb v. Catlin, 30 Ill. App. 258, 128 Ill. 556, with this difference: There it did not appear whether the complainant in the creditor's suit in which Catlin was appointed receiver, was or was not a resident of this State, and it did appear that Sercomb was acting in the interest of a Connecticut corporation. Here it does appear that the complainant in the creditor's suit in which Holbrook was appointed receiver, is and for many years has been, a resident of New York, and that Ford is a resident of this State, for many years doing business in Chicago.

It further appears that the credits which Ford had attached or garnished, were debts contracted in, and in the ordinary course of business payable in, Chicago, though the debtors resided in Missouri and Nebraska.

The principle of the decision of this court in Webster v. Judah, 27 Ill. App. 294, following Heyer v. Alexander, 108 Ill. 385, applies here.

" The policy of our law secures to creditors resident in this State, if they avail themselves of it by proper legal steps, a priority as against foreign creditors on the assets here situated and belonging, or debts here owing to the estate of a foreign insolvent." Webster v. Judah, 27 Ill. App. 294.

The debtor against whom the creditor's suit in this case

was instituted was a New York corporation, which once conducted business here through a branch in Chicago. As between its New York creditors and a home creditor, a court of equity of this State ought at least to permit the latter to get all the benefit he can by proceedings at law.

The judgment below was that Ford was guilty of a contempt in persisting in the prosecution of his attachment suit. That judgment is reversed that he may be left at liberty to get his due if he can. U. S. Express Co. v. Smith, 35 Ill. App. 90. Reversed.