Hunt v. Gilbert.

Ward Hunt, Receiver, etc., v. James H. Gilbert et al.

1. FOREIGN RECEIVERS—*Privileges by Comity.*—The privilege of a foreign receiver to exercise extra-territorial powers, is derived wholly from the doctrine of comity.

2. COMITY—*Usually Accorded to Foreign Receivers.*—The favor or courtesy known as comity, is usually accorded to foreign receivers, either to sue in our courts, or to hold and deal with property located here, over which they have been appointed, where the result of so doing involves no violation of our domestic policy, or conflict with the rights of creditor citizens of our own State.

3. SAME—*The Doctrine Defined.*—It is not the policy of this State to permit receivers of foreign corporations to remove from its jurisdiction property of such corporations, so as to require our citizens, who have claims against them, to go into foreign jurisdictions to assert their rights.

4. SAME—*Extent of the Doctrine.*—The doctrine of comity has never been extended so as to deny to citizens that duty to protect them in the assertion of their claims against insolvent foreign corporations, by retaining within its jurisdiction sufficient property until their just claims have been satisfied.

5. RECEIVERS—*Rights in Illinois—When Appointed in Other States.*—A receiver of a foreign corporation, appointed by a court within the State where the corporation is organized, does not, by taking possession of personal property of the corporation found here, obtain such a title thereto as will prevent a domestic creditor from realizing his claim out of said property by attachment proceedings against the same, after the receiver has taken possession, and with the knowledge of such possession.

6. ASSIGNMENT FOR THE BENEFIT OF CREDITORS—*No Extra-Territo-*

*rial Effect.*—A voluntary assignment by the foreign owner of property has no extra-territorial effect as against creditors, resident within the State where the property is located.

**Memorandum.**—Replevin. Appeal from the Superior Court of Cook County; the Hon. George F. Blanke, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed May 28, 1894.

Appellant's Brief, Elbert H. Gary and Parke E. Simmons, Attorneys.

The comity of nations which is a part of the common law, allows a certain effect here to titles derived under, and powers created by the laws of other countries, and from such comity the titles of foreign statutory assignees are recognized and enforced here, when they can be without injustice to our own citizens, and without prejudice to the rights of creditors pursuing their remedies here under our statutes; provided, also, that such titles are not in conflict with the laws or the public policy of our State. Peterson v. Chemical Bank, 32 N. Y. 21.

The recognition of such rights is, as stated by Story on Conflict of Laws, Sec. 420, 8th Ed., in commenting on the case of Abraham v. Plestoro, referred to in In re Waite, " a surrender of the principle; for no one will contend that the assignees can sue either in law or in equity in our courts, unless they possess some title under the assignment."

" Where there has been an actual transfer of possession, the transfer will be upheld everywhere." Burrill on Assignments, 6th Ed., Sec. 281.

Aside from the considerations already given, it is the policy of our laws to broaden, rather than to limit the doctrine of comity. They extend to foreign corporations the same rights which our domestic corporations enjoy. Rev. Stat., Ch. 33, Par. 26; Santa Clara Female Academy v. Sullivan, 116 Ill. 375.

Appellees' Brief, Smith, Helmer & Moulton, Attorneys.

The question involved in this case is whether a receiver of a foreign corporation, appointed by a foreign court, can,

by merely taking possession of assets of said corporation found in this State, obtain such a title thereto as will prevent a domestic creditor from realizing his claim out of said assets by attachment. It is not a question of the foreign receiver's general right to sue, but of his title to the goods in controversy in this case. We state the following propositions :

I. A receiver has of right no extra-territorial powers of official action.

II. By comity he may exercise such extra-territorial powers, but only where the rights of domestic creditors will not be prejudiced or injured thereby.

These propositions are so universally accepted as to need no discussion. We append the following citations : Sercomb v. Catlin, 128 Ill. 556; Woodward v. Brooks, 128 Ill. 222; Comstock v. Frederickson (Minn.), 53 N. W. Rep. 713; Falk v. Janes (N. J.), 23 Atl. Rep. 813; Winans v. Gibbs & Sterrett Mfg. Co. (Kans.), 30 Pac. Rep. 163; Boulware v. Davis (Ala.), 8 So. Rep. 84; Catlin v. Wilcox S. P. Co. (Ind.), 24 N. E. Rep. 250; Willitts v. Waite, 25 N. Y. 577; High on Receivers, Secs. 239 to 241.

The protection which the State affords to the rights of domestic creditors will be applied, although the foreign receiver is in actual possession of the property situated in this State, before the domestic creditor has acquired a lien thereon by attachment or otherwise.

The State has a duty to protect its citizens as long as goods are within its jurisdiction, whether in the possession of the receiver or not. Willitts v. Waite, 25 N. Y. 577; Rhawn v. Pearce, 110 Ill. 350; Woodward v. Brooks, 128 Ill. 222; May v. First Nat'l Bk. Attleboro, 122 Ill. 551; Lipman v. Link, 20 Ill. App. 359; Catlin v. Wilcox Silver Pl. Co., 24 N. E. Rep. 250.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This appeal raises the question whether a receiver of a foreign corporation, appointed by a court within the State

where the corporation was organized, does, by coming into this State and taking possession of personal property of the corporation found here, obtain such a title thereto as will prevent a domestic creditor from realizing his claim out of said property by attachment proceedings begun against the same, as the property of the corporation, after the receiver has taken possession, and with the knowledge of such possession.

The appellant was appointed receiver of the Manitou Mineral Water Company, a Colorado corporation, by the United States Circuit Court for the District of Colorado.

At the time of his appointment as receiver, the company had certain personal property in Chicago, which was being used in its mineral water supply business, and the receiver subsequently took possession of the property.

There were resident creditors of the company in Chicago, who attached the same property, and the appellee, the sheriff of Cook county, took possession of the same, from the receiver, under an attachment writ.

A replevin suit was then begun against the sheriff by the receiver.

A return of the property replevied was ordered by the Circuit Court, upon sustaining a demurrer to the replication of the appellant to the pleas of the appellees, and the question heretofore stated is now presented to this court.

This is not the case of a voluntary assignment by the owner of the property. Although the record is destitute of statement as to the character of the proceedings wherein the receiver was appointed, it is apparent that the appointment was by the court and was involuntary as to the corporation.

The privilege of a foreign receiver to exercise extra-territorial powers, is derived wholly from the doctrine of comity.

The favor, or courtesy, known as comity, is usually accorded to foreign receivers, either to sue in our courts, or to hold and deal with property here located, over which they have been appointed, where the result of so doing would

involve no violation of our domestic policy, and would not conflict with the rights of creditor citizens of our own State.

But it is not the policy of this, or any other State, so far as we are advised, to permit receivers of foreign corporations to come within its limits and remove from our jurisdiction the property here located of such corporations, and thereby require our citizens who have claims against them to go into foreign jurisdictions to assert their rights.

The State owes a duty to its citizens to protect them in the assertion of their claims against such insolvent bodies, by retaining within its own jurisdiction and control such of their property as may be here located until the just claims and rights of its own citizens have been satisfied.

The doctrine of comity has never been so extended as to deny that duty.

The case of Heyer v. Alexander, 108 Ill. 385, is in point.

The controlling question in that case was whether a voluntary deed of assignment, made in Missouri, and valid there, by a debtor citizen of that State, for the benefit of his creditors, was operative to pass the title to real estate in Illinois, as against creditors in this State, and it was held that it was not. And it was so held notwithstanding actual possession of the real estate had been taken, under the assignment, before the rights of others had attached.

It was there said: "The doctrine is, that such a conveyance is subject to the claims of resident creditors where the property is located. This we regard as the true rule. It is not just or fair that creditors in this State should be compelled to go to a foreign State to receive a *pro rata* share of the debtor's property, when they perhaps extended credit alone upon the faith of the debtor's property in this State and to which they looked for payment."

The same doctrine is approved in May v. First Nat. Bank, 122 Ill. 551; Woodward v. Brooks, 128 Ill. 222; Henderson v. Schaas, 35 Ill. App. 155; Webster v. Indah, 27 Ill. App. 294; Ford v. Holbrook (No. 4759, this court, filed May 24, 1893).

If we were to resort to other States we should find the

same principle reiterated in numerous cases, but it is unnecessary.

The case of C., M. & St. P. Ry. Co. v. Keokuk Northern Packet Company, 108 Ill. 317, is clearly distinguishable from this case, and from Heyer v. Alexander, *supra*, upon the grounds stated in the opinion in the latter case, and we only refer to it because it is strenuously urged as being decisive here.

If, then, it be the law that a voluntary assignment by the foreign owner of property has no extra-territorial effect as against creditors resident within the State where the property is located, how much stronger, and with what increased effect, does the rule apply in cases, where, as here, the proceedings were *in invitum ?*

" A decree of court appointing an assignee to administer the debtor's property for the benefit of his creditors, whatever its effect in the State where it is rendered, has no extra-territorial effect on the debtor's real estate in another or foreign jurisdiction." Heyer v. Alexander, *supra.*

In principle the rule in cases where the property in controversy is personal property, does not differ from that applied to real estate, when, as here, the receiver claims under an order or decree of a foreign court and not under a voluntary deed by the owner. Woodward v. Brooks, *supra.*

The court below properly held that under the facts disclosed by the record, the doctrine of comity must yield to the superior rights of the resident creditors, and the judgment will therefore be affirmed.