**Charles L. Boyles, Appellee, v. Royal Canner Manufacturing Company and N. L. Heilbrun, Receiver. Royal Supply Company, Interpleader, Appellant.**

ATTACHMENT, § 163*—*when levy superior to rights of foreign receiver or purchasers from him.* A receiver appointed in a foreign State who has not taken possession of property in this State before attachment of the same by resident creditors cannot successfully resist the levy under the writ of attachment, and a purchaser from the receiver or persons claiming under that title are in no better position than the receiver would be.

Appeal from the Circuit Court of Edwards county; the Hon. CHARLES H. MILLER, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed March 25, 1920.

E. B. GREEN, THEODORE G. RISLEY and ALLEN E. WALKER, for appellant.

P. C. WALTERS, for appellee.

MR. JUSTICE EAGLETON delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Edwards county.

An attachment writ was sued out of said court returnable to the November term, 1918, by Charles L. Boyles, the appellee, against the Royal Canner Manufacturing Company and N. L. Heilbrun, receiver. The affidavit was filed and the writ issued on June 1, 1918, and the levy made June 14, 1918. The property levied on was located in Albion, Illinois.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

At the November term, 1918, of said court, the Royal Supply Company, the appellant, filed an interpleader claiming the property levied on by virtue of being the purchaser thereof. At the April term, 1918, of said court, a jury being waived, the cause on the interpleader was tried by the court on an agreed state of facts and the issues found in favor of the appellee and judgment entered accordingly.

The question presented in the argument of the parties is as to the right of the appellee to maintain his attachment against the property.

The Royal Canner Manufacturing Company was organized as a corporation, under the laws of the State of Ohio, in the early part of the year 1917. Its principal office was in the City of Cincinnati, Ohio, and while it was not licensed to carry on its business in the State of Illinois, it maintained a branch office for the manufacture of canners' suplies in the City of Albion, Illinois.

On September 24, 1917, a bill was filed by R. T. Baber, a stockholder of said corporation, in the superior court of Cincinnati, in the county of Hamilton and State of Ohio, stating that said corporation was insolvent and praying the appointment of a receiver, and one N. L. Heilbrun was appointed by said court.

On October 2, 1917, said Heilbrun was appointed ancillary receiver for the State of Illinois by the circuit court of Edwards county.

The appellee, Charles L. Boyles, was a citizen of the State of Illinois and engaged in the hardware business at Albion and sold the Royal Canner Manufacturing Company hardware to the amount of $442.72, which said sum was due and unpaid on the 1st of June, 1918.

On the 18th day of February, 1918, Heilbrun, as receiver, executed a bill of sale to Lyman W. Wilson for all goods, chattels and effects belonging to said Royal Canner Manufacturing Company, which in-

cluded the property levied on under the writ of attachment in this case. The bill of sale recited the same was executed by virtue of an order of sale made by the superior court of Cincinnati.

On February 19, 1918, Wilson, by his written assignment on said bill of sale, transferred all his title and interest in the property described therein to R. T. Baber.

On the 8th day of April, 1918, R. T. Baber sold and assigned all property included in said bill of sale to the appellant, The Royal Supply Company. This bill of sale bears date of April 8, 1918, but the certificate of acknowledgment bears date of October 30, 1918.

It is expressly stipulated that the appellee had no actual notice of the appointment of Heilbrun as receiver nor any actual notice that he had taken possession of the property in question.

The above facts appear in the stipulation upon which the case was tried and the exhibits thereto attached and made a part of the stipulation.

It will be observed that the sale under which the appellant claims title to the property was made by Heilbrun as receiver by the appointment of the superior court of Cincinnati and was made pursuant to the order of that court.

It nowhere appears in the record that Heilbrun, either under his appointment as receiver or as ancillary receiver, ever took possession of the property in question or that he did any act under his appointment by the Illinois court, nor does it appear that any one claiming title under the sale made by the order of the Cincinnati court attempted to take possession of or assert or give notice of any claim of title to the property prior to the levy made in this case.

This presents the question as to the rights of a foreign receiver over assets in this State upon which a resident creditor has caused a writ of attachment to be levied.

The Supreme Court in discussing this question held as follows:

"The general doctrine that the powers of a receiver are coextensive only with the jurisdiction of the court making the appointment, * * * we fully concede; and were this the case of property situate in this State, never having been within the jurisdiction of the court that appointed the receiver, and never having been in the possession of the receiver, it would be covered by the above principles, which would be decisive against the claim of the appellee." *Chicago, M. & St. P. Ry. Co. v. Keokuk Northern Line Packet Co:,* 108 Ill. 317.

The rule as stated in Pomeroy's Equity Jurisprudence (Equitable Remedies), vol. 5, sec. 253, is as follows:

"Difficult questions often arise where the attaching creditors in the local State have attached after the appointment of the receiver in the domiciliary State. If the receiver has obtained possession, his possession should be protected. His possession is in the nature of a property right, and is held so to be almost universally. But where the receiver has not yet collected the fund or taken the property into his possession, and creditors or others have obtained rights or liens upon the property or fund in the State where it is situated, some distinctions must be observed. If the appointment of the receiver is involuntary, especially in aid of a statutory judicial proceeding, the prevailing doctrine seems to be that, where the rights of domestic creditors are involved, the assignment will not be recognized outside of the jurisdiction of appointment."

In the case of *Hunt v. Gilbert,* 54 Ill. App. 491, the Appellate Court for the First District held that a resident attaching creditor had rights superior to the rights of a receiver appointed in a foreign jurisdiction and said:

"But it is not the policy of this, or any other State, so far as we are advised, to permit receivers of foreign corporations to come within its limits and remove

from our jurisdiction the property here located of such corporations, and thereby require our citizens who have claims against them to go into foreign jurisdiction to assert their rights."

From the foregoing it follows that the receiver not having taken possession of the property in question prior thereto could not have successfully resisted the levy under the writ of attachment. The purchaser from the receiver and persons claiming under that title, including the appellant, not having taken possession of the property, must be held to be in no better position than the receiver would be. To hold otherwise would, in effect, nullify the law protecting domestic creditors to the extent of assets located within this State and belonging to the estates of insolvent nonresident debtors. For these reasons the trial court did not err in holding the levy under the writ of attachment superior to the claim of the appellant.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*