JUDGE ROBERTSON
delivered the opinion op the court:
On the 26th of January, 1867, George C. Glass, of Cincinnati, Ohio, made to Edgar M. Johnson, of the same place, a voluntary deed, assigning all his estate, including all his debts and choses in action everywhere, for the payment of all his own debts, without discrimination or preference. The conveyance was authenticated and filed' in the probate court in that city, and the trust accepted according to a statute of Ohio regulating assignments by “ insolvent debtors."
A few days after the date of that assignment, the appellees, Parker and Bedinger, citizens of Kentucky, and each a creditor of Glass, filed separate petitions in equity for attaching a debt of about six hundred dollars due to him by Ransom, another citizen of Kentucky. These suits being consolidated, Johnson intervened, and asserted a prior and paramount title as assignee of the attached debt.
On the hearing, the circuit court adjudged the payment of the debt to the attaching creditors; and the assignee appealed.
Ransom’s debt having no situs, except for attaching creditors, there can be no doubt that the assignment to *152 Johnson passed to him an ostensible, equitable title to it; and the only question in this case is, -whether that title shall, in the tribunals of Kentucky, be preferred to the equitable lien of the attaching creditor’s in Kentucky.
British authority gives effect everywhere to a legal-assignment in England of a bankrupt’s estate; but the American doctrine is antipodal. The American judiciary has authoritatively adjudged that, as local bankrupt laws have, proprio vigore, no extra territorial operation, the principle of international comity does not require the courts of one government to recognize and enforce, to the prejudice of their own fellow-citizens, such assignment, by the law of another and foreign government, but that they will secure, as they ought and may, justice to domestic creditors without regard to the foreign law and assignment.
If this American principle apply to a voluntary assignment by an insolvent debtor, the judgment in this case cannot be gravely questioned. The difference between an assignment by law which is local, and an assignment by contract which is ubiquitous, is obvious and radical; and if the circumscribed operation of a law assigning an insolvent’s estate be the' only reason for the American doctrine of comity respecting such assignments, that essential difference would be decisive of this question. But the difficulty, uncertainty, and cost of obtaining just distribution by domestic creditors in a foreign country, and their right to protection by their own government, when necessary and rightful, may be another reason authorizing the same conclusion. Whether this be so or not, we are not instructed by American adjudications to say. While we find some few obitur dicta, we have neither been referred to, nor have seen any direct judicial .decision on this subject. In this unsettled state of the *153 matter, this court, whatever may be its own impression, will prudently abstain from unnecessarily reasoning or hazarding the expression of a judicial opinion upon it; for, however that might be decided, there is at least one other ground which we deem decisive of the case before us.
The appellees never acceded to the assignment, but oppose it; nor is there any proof of foreign creditors, or of their accession. Nor is it shown that the abstraction of the litigated fund from Kentucky is necessary for paying any other creditors than the appellees.
Moreover, to secure fidelity and justice in all cases of conveyance in Kentucky to trustees for the benefit of creditors, an act of 1860 (Myers’ Supp., 533) forbids any such trustee to proceed, in any way, to execute the trust until he shall have executed a prescribed bond. And duty to our own citizens, who are creditors of a foreign assignor, still more imperiously requires the like security from the foreign trustee. No such bond has been executed in this case, and the appellees have not the security for just distribution which they might require if the appellant had been a domestic trustee. Comity should require reciprocity.
Then, the case thus standing before us, we cannot adjudge that it was the duty of the circuit court to give the appellant priority, and authorize him to take from Kentucky and her own creditor citizen’s money, over the appropriation of which her courts could have no control after its transportation to Ohio, and where it may neither be necessary for distribution nor be distributed in such manner as to do justice to her own citizens. Such ultra and suicidal comity could not be required or expected of any patriarchal and provident sovereign.
Wherefore, the judgment is affirmed.