## ANTHONY W. WOODWARD *et al.*

### *v.*

## JOSIAH D. BROOKS *et al.*

### *Filed at Ottawa April 3, 1889.*

1. PARTNERSHIP—*death of one of the partners—retaining the old firm name—effect upon estate of deceased partner.* Where a partnership is dissolved by the death of a partner, the retention of the firm name by the survivor will create no liability on the estate of the deceased partner, and the survivor, by accepting a draft in the firm name, will make himself individually liable therefor.

2. CONTRACTS—*by what law governed—as to their validity, etc.—and the remedy.* As a general rule, the *lex loci* will govern in determining the validity of contracts, and in their interpretation and construction. It does not follow, however, that all contracts, valid when made, will be enforced by the courts of other States or jurisdictions. In respect of the time, mode and extent of the remedy, the *lex fori* governs.

3. INSOLVENT DEBTORS—*foreign assignment—how far enforcible here —as between foreign and domestic creditors.* In the absence of domestic creditors, the assignee, under a valid foreign assignment of a debtor, may reduce to his possession the property and collect the debts assigned to him, situated in this State ; and debtors here, owing the assignor and having no set-off, will be compelled to pay the assignee. But in case the foreign assignment, if made here, would be set aside as fraudulent, or as contrary to the policy of our laws, our courts will not enforce it as against attaching creditors, whether foreign or domestic, although it may be valid in the State where made.

4. Although a voluntary foreign assignment, valid in the State where made, is enforced in this State as a matter of comity, yet our courts will not enforce it to the prejudice of our own citizens, who may have demands against the assignor. It is contrary to the policy of our laws to allow the property of a non-resident debtor to be withdrawn from this State, and thus compel creditors here to seek redress in a foreign jurisdiction ; but for all other purposes, and between the citizens of the State where the assignment is made, if valid by the *lex loci,* it will be carried into effect by our courts.

APPEAL from the Appellate Court for the First District ;— heard in that court on appeal from the Superior Court of Cook county ; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. J. M. H. Burgett, for the appellants:

The answer of the garnishees, the plea of Harlan, and the admitted facts, show funds of Brooks in the garnishee's hands prior to the service of the writ. The burden was upon Harlan to show the facts discharging them from liability. Cushing's Trustee Process, p. 97, sec. 233; *Wright* v. *Ford,* 5 N. H. 178; *Giddings* v. *Coleman,* 12 id. 153; *North Star Co.* v. *Ladd,* 32 Minn. 381; *McCoy* v. *Williams,* 5 Gilm. 584; *Richards* v. *Stephenson,* 99 Mass. 311; *Grain* v. *Gould,* 46 Ill. 293; *Lane* v. *Felt,* 7 Gray, 491; *Maher* v. *Brown,* 2 La. 492; *Camp* v. *Hatter,* 11 Ala. 151; *Scott* v. *Stallsworth,* 12 id. 25; *Winslow* v. *Bracken,* 57 id. 368; *Parker* v. *Osborne,* 71 Me. 69.

The burden of proof was upon appellees to show that the fund had ceased to be liable to attachment for Brooks' debt; that the possession accompanied and followed the title; that the fund had been removed from the power, control and disposition of Brooks. *Young* v. *McClure,* 2 W. & S. (Pa.) 147; *Milne* v. *Henry,* 40 Pa. St. 352; *Hildreth* v. *Fitts,* 53 Vt. 684; *Rice* v. *Courtis,* 32 id. 450; *Thomas* v. *Calihan,* 5 Mart. (La.) 180; *Timson* v. *Ramsbottom,* 2 Keen, 35; *In re Tichener,* 35 Beav. 317; *Davenport* v. *Woodbridge,* 8 Greenlf. 17.

According to the best authorities, the *situs* of a debt is, as to attaching creditors, the residence of the debtor, and the tribunal of that residence may exercise jurisdiction over it *in rem,* and the law of such residence determines when such debt shall be subject to attachment. *Roche* v. *Insurance Co.* 2 Bradw. 360; *Rhawn* v. *Pearce,* 110 Ill. 350; *Williams* v. *Ingersoll,* 89 N. Y. 508; *Dunlop* v. *Rogers,* 47 N. H. 281; *Milne* v. *Moreton,* 6 Binn. 353; *Varnum* v. *Camp,* 1 Green, (13 N. J.) 326; *Moore* v. *Bonnell,* 31 N. J. 90; *Johnson* v. *Parker,* 4 Bush, 149; *Martin* v. *Potter,* 34 Vt. 87; *Warner* v. *Jaffray,* 96 N. Y. 248; *Morgan* v. *Neville,* 74 Pa. St. 52; *Beer* v. *Hooper,* 32 Miss. 246; *Warren* v. *Copelin,* 4 Metc. 594; *Blanchard* v. *Russell,* 13 Mass. 1; *Hull* v. *Blake,* id. 153; *Bissell* v. *Briggs,* 9 id. 462; Story on Conflict of Laws, (8th ed.) secs. 592 a, 549, 550.

224        WOODWARD *et al.* v. BROOKS *et al.*

Brief for the Appellees.

For the purposes of this suit, appellants are to be regarded as if citizens of this State. There can be no preference of one over the other, under the Federal constitution. *Paul* v. *Virginia,* 8 Wall. 168; *Fosdick* v. *Schall,* 99 U. S. 235; *Green* v. *Van Buskirk,* 5 Wall. 307; 7 id. 139; *Bank* v. *Lacombe,* 84 N. Y. 267; *Warren* v. *Jaffray,* 96 id. 248; *Rhawn* v. *Pearce,* 110 Ill. 350; *Insurance Co.* v. *Bank,* 68 id. 348; *Mitchell* v. *Shook,* 72 id. 492; *Givens* v. *Bank,* 85 id. 442; *Ducat* v. *Chicago,* 48 id. 172; *Paine* v. *Lester,* 44 Conn. 196; *Morgan* v. *Neville,* 74 Pa. St. 52; *Martin* v. *Potter,* 34 Vt. 87; *Ward* v. *Morrison,* 25 id. 593; *De la Vega* v. *Vianna,* 1 B. & A. 284; Story on Conflict of Laws, (8th ed.) note, pp. 546, 547.

If appellants disregard their duties and obligations as citizens of Pennsylvania, it is for the courts of the latter State to apply the corrective, and not for our courts to administer the law of such State in this suit. *Embree* v. *Hanna,* 5 Johns. 101; *Bank* v. *Lacombe,* 84 N. Y. 367; *Insurance Co.* v. *Bank,* 68 Ill. 348.

Messrs. HUTCHINSON & LUFF, for the appellees:

The debt due from the garnishees to Brooks passed by the assignment, to Harlan, and was not liable to garnishment. The assignment, being valid by the laws of Pennsylvania, was sufficient to vest the debt in the assignee. *Bentley* v. *Whittemore,* 19 N. J. Eq. 462; *Hoag* v. *Hunt,* 21 N. H. 106; *Smith* v. *Brown,* 43 id. 44; *Atwood* v. *Insurance Co.* 14 Conn. 555; *Van Buskirk* v. *Insurance Co.* id. 583; *Clark* v. *Peat Co.* 35 id. 303; *Speed* v. *May,* 17 Pa. St. 91; *Einer* v. *Best,* 32 Mo. 240; *Moore* v. *Bonnell,* 31 N. J. L. 90; *Whipple* v. *Thayer,* 16 Pick. 25; *Daniels* v. *Willard,* id. 36; *Burlock* v. *Taylor,* id. 335.

The *situs* of the debt was the domicile of the creditor or assignor. Wharton on Conflict of Laws, sec. 363; *Goodwin* v. *Holbrook,* 4 Wend. 379; *Atwood* v. *Insurance Co.* 14 Conn. 555.

Appellants having notice of the assignment, it was not necessary, in order to vest the debt in the assignee, to notify the

debtor. Notice *pendente lite* is sufficient. Story on Conflict of Laws, secs. 396-398; *Wood* v. *Partridge,* 11 Mass. 488; *Foster* v. *Sinkler,* 4 id. 450; *Dix* v. *Cobb,* id. 508; *Muir* v. *Schenk,* 3 Hill, 228; *Van Buskirk* v. *Insurance Co.* 14 Conn. 583; *Bishop* v. *Holcomb,* 10 id. 444.

The assignment is *prima facie* valid, and the burden was on appellants to show it was fraudulent. Bump on Fraudulent Conveyances, 365; *Whipple* v. *Pope,* 33 Ill. 334; *Townsend* v. *Stearns,* 32 N. Y. 209.

Insolvency of the assignor is not essential to the validity of an assignment.

A solvent debtor may make a valid assignment for the benefit of his creditors. Bump on Fraudulent Conveyances, 369; *Ogden* v. *Peters,* 21 N. Y. 23.

Per Curiam: Josiah D. Brooks and D. Leeds Miller, while partners, doing business in Philadelphia under the name and style of Brooks, Miller & Co., acquired title to a lot in Cook county, in this State, in the firm name, and taken in payment of a firm debt. On November 23, 1883, the firm was dissolved by the death of Miller, but Brooks continued the business under the same firm name, and while so acting, on May 20, 1884, accepted a bill of exchange drawn on him in the said firm name, in favor of the plaintiffs, James S. Woodward & Sons. The retention and use of the firm name after Miller's death created no liability on Miller's estate, so that by accepting the draft in the firm name, Brooks made himself individually liable to the plaintiffs therefor. On July 1, 1884, Brooks entered into partnership with William G. Jenks, and they, under the same firm name, carried on business in Philadelphia until September 4, 1884, when they failed, and made a voluntary assignment for the benefit of creditors to Edward S. Harlan, assignee. The deed of assignment, after reciting that Brooks and Jenks were indebted to divers persons, grants, bargains, sells and conveys to said Harlan, "all and singular,

the lands, tenements and real estate, and also all the goods, chattels, effects and property of every kind, real, personal and mixed, of the said Josiah D. Brooks and William G. Jenks," except so much thereof as might be exempt from execution, in trust, to sell and dispose of the same, and to collect and receive all debts due to said Brooks and Jenks, or either of them, and from the proceeds to pay, first, the expenses incident to the trust; secondly, the "creditors of said Brooks and Jenks their respective just demands in full, if sufficient, otherwise, *pro rata;*" and lastly, any surplus "to said Brooks and Jenks."

The principal question discussed by counsel relates to the effect a voluntary assignment of all his property by a foreign debtor, for the benefit of creditors, will have on his property having a *situs* in this State. At the time of this assignment the garnishees had in their hands something over $1200, one-half of which is claimed to belong to Josiah D. Brooks and the other half to the heirs of Miller, being the proceeds of the sale of the real estate before mentioned as belonging to the original firm of Brooks, Miller & Co. It is not shown that there had been an adjustment of the partnership assets and accounts between Brooks and the heirs of Miller, so that the extent of Brooks' interest in this sum of money can not be told. After the assignment was made, acknowledged and recorded in conformity with the laws of Pennsylvania, where the debtors resided, the plaintiffs, residents of the same State, with notice of the assignment, brought attachment in the Superior Court of Cook county against Brooks, and service was had on said garnishees. The assignee, Harlan, interpleaded in that cause, claiming one-half of the money in the garnishees' hands, under the assignment, while the plaintiffs claimed the same money in the hands of the garnishees by virtue of said attachment proceeding. The deed of assignment, apparently, is valid under the laws of the State of Pennsylvania. As the deed is there valid, it must be held valid here, it being the general rule that the *lex loci* will govern in determining the validity of con-

tracts, and in their interpretation and construction. It does not, however, follow, that all contracts valid where made, will be enforced by courts of other States or jurisdictions. In respect of the time, mode and extent of the remedy, the *lex fori* governs. *Mineral Point Railroad Co.* v. *Barron*, 83 Ill. 365.

In the absence of claims of domestic creditors, the assignee under a valid foreign assignment may reduce to his possession the property, and collect the debts assigned to him within this State, and debtors here, owing the assignor, and having no set-off, will be compelled to pay the assignee. But if the foreign assignment, if made here, would be set aside as fraudulent, or as contrary to the policy of our laws, our courts will not enforce it as against attaching creditors, whether foreign or domestic, although it may be valid in the State where made. *May* v. *Wannamacher*, 111 Mass. 202; *Zipcey* v. *Thompson*, 1 Gray, 243; *Fall River Iron Works Co.* v. *Croad*, 15 Pick. 11; *Kelley* v. *Craps*, 45 N. Y. 46; *Guillander* v. *Howell*, 35 id. 657.

As a voluntary foreign assignment, valid in the State where made, is enforced in this State as a matter of comity, our courts will not enforce it to the prejudice of our citizens who may have demands against the assignor. It is contrary to the policy of our laws to allow the property or funds of a non-resident debtor to be withdrawn from this State before his creditors residing here have been paid, and thus compel them to seek redress in a foreign jurisdiction; so it was held in *Heyer* v. *Alexander*, 108 Ill. 385, that a voluntary assignment of a non-resident debtor's property, valid under the laws of the State where made, will not be enforced here as against domestic attaching creditors. See *Chaffee* v. *Fourth National Bank*, 71 Me. 524; *Kelley* v. *Crap*, 45 N. Y. 46; *Johnson* v. *Parker*, 4 Bush, 149; *Chicago, Milwaukee and St. Paul Railway Co.* v. *Keokuk Northern Line Packet Co.* 108 Ill. 317; *Life Association of North America* v. *Fassett*, 102 id. 315.

In *May* v. *First National Bank of Attleboro*, 122 Ill. 551, we held that a voluntary assignment made in another State by a

non-resident there, executed in conformity with our laws in respect to the conveyance of property, but inconsistent, in substantial respects, with our statute relating to assignments, will not be enforced here to the detriment of our citizens; but for all other purposes, and between citizens of the State where the assignment was made, if valid by the *lex loci*, it will be carried into effect by the courts of this State. That case is decisive of the one at bar. In the present case there are no domestic creditors to be affected. The attaching creditors are resident in the same State with the assignor, and where the assignment was made and will be executed. As before seen, the assignment is valid under the laws of Pennsylvania, and capable of being enforced there, and under the doctrine announced, the courts of this State will give it effect as against citizens of Pennsylvania. The heirs of Miller are not complaining here. It seems that they, as well as the assignee, assignors and attaching creditors, are all residents of the same State. The claim made by the assignee, as well as by the attaching creditors, is of Brooks' interest in the money in the hands of the garnishees. If the Miller heirs have an equitable right to more than one-half of the money now in the hands of the garnishees, it is not perceived why that question may not be determined by an adjustment of the partnership accounts of the original firm in the courts of that State.

The rule here announced is not in conflict with *Rhawn* v. *Pearce*, 110 Ill. 350. In that case the assignment was not voluntary, but resulted by the laws of the State of Pennsylvania. A statutory assignment will not be enforced against attaching creditors of another State. *May* v. *First National Bank of Attleboro, supra.*

Finding no error in this record for which the judgment should be reversed, it is affirmed.

*Judgment affirmed.*

Mr. JUSTICE BAILEY, having heard this case in the Appellate Court, took no part in its decision here.