## James H. Gilbert, Sheriff, and The National Cash Register Company v. Fred H. Gere.

1. CONDITIONAL SALES—*Of Personal Property — Secret Liens.*—If possession of personal property is delivered under a contract, by which the receiver, on the performance by himself of a condition subsequent, shall have the right to become the owner thereof, and there is no com-

pliance with the statute concerning chattel mortgages, the title of the party delivering such possession must yield to the claim of a creditor having a judgment and execution against the party having such possession.

Replevin.—Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the October term, 1896. Reversed and judgment here. Opinion filed January 7, 1897.

ALBERT H. MEADS, attorney for appellants.

HOLLETT & TINSMAN, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This was an action of replevin by the appellee for goods and chattels by him claimed under a document as follows:

" Agreement between Fred H. Gere and E. T. Bermel Co., both of the city of Chicago, Cook county, Illinois.

1st. Party of the first part has this day delivered to party of second part, one Meredith Soda Fountain in good order and condition, counters and other fixtures and utensils, as per schedule attached hereto.

2d. Party of the first part, for and in consideration of ($1) one dollar in hand paid, receipt of which is hereby acknowledged, rents to party of the second part above described property for the term of five (5) calendar months from date, at the monthly rental of ($25) twenty-five dollars, payable monthly in advance.

3d. First two months rent, amounting to ($50) fifty dollars, payable on signing this contract, then at the rate mentioned in clause number two (2), on first of each month, commencing August 20, 1894.

4th. Party of first part agrees to sell the soda fountain and appurtenances as per schedule attached hereto to party of second part for ($450) four hundred and fifty dollars, allowing party of second part full time of this agreement to accept said offer, in which event party of first part agrees to allow full amount of rent money paid by party of second part as part payment of said purchase price.

5th.   Party of first part reserves the right to enter prem·
ises and take possession, and remove fountain and appurte-
nances in event of said party of second part defaulting in
their payments or any portion of this agreement.

6th.   At the expiration of this lease, should party of the
second part decline to purchase property above named, they
agree to return said property to party of first part in as
good condition as at this date, barring natural wear and
tear, at the store of party of second part.

Signed this 20th day of June, 1894.

E. T. BERMEL Co.,

by GEO. M. THOMPSON, President.

F. H. GERE."

August 1, 1894, the National Cash Register Company re-
covered, in the Circuit Court, a judgment against the E. T.
Bermel Company for $291 and costs, issued execution, and
the sheriff levied it upon the property.   The appellants are
the sheriff and the Register Company.

There was testimony that, before the judgment was re-
covered, a collector of the Register Company was told that
the property did not belong to the Bermel Company, but
was not told to whom it did belong.   After the levy the
appellee demanded the property of the sheriff, and being
refused, replevied.

The court below, trying the cause without a jury, sus-
tained the replevin and entered judgment for the appellee,
from which judgment is this appeal.

Nothing is involved in this case but the legal effect of the
agreement set out above.

Is it a conditional sale, or a lease, as to judgment cred-
itors of the Bermel Company?

Reading between the lines, as the Supreme Court did in
Murch v. Wright, 46 Ill. 487, and Lucas v. Campbell, 88 Ill.
447, it is apparent that the intention of the appellee and the
Bermel Company was, that the latter should acquire the
property of the former, upon terms of payment which they
had agreed upon.   The lease in the second article, and the
option in the fourth, might as well have limited the time to

seventeen months as to five, and if the claim of the appellee is sustained, this case will be authority for so doing hereafter.

We understand that the law of this State is, that if possession of personal property is delivered under a contract, however disguised by words as to the real intention, by which the receiver, on the performance by him of a condition subsequent, may become the owner—has the right to do so —and there is no compliance with the statute concerning chattel mortgages, the title of the party delivering such possession must yield to the claim of a creditor having a judgment and execution, against the party having such possession.

Here the Bermel Company was not bound to buy, but the appellee was bound to sell, if the Bermel Company had been ready and willing, and offered to perform under article 4. ·

The property was therefore subject to an execution against that company.

The judgment is reversed, and judgment entered here for the appellants.