### NICHOLAS SCHLEE

#### *v.*

### JOSEPH GUCKENHEIMER.

*Opinion filed April 17, 1899—Rehearing denied June 17, 1899.*

1. CONFLICT OF LAWS—*common law is presumed to prevail in sister State in absence of contrary proof.* The rule that courts will not take notice of the laws of a sister State in the absence of averment and proof does not prevail as to the common law, which is presumed to exist in each State of the Union in the absence of contrary proof.

2. SAME—*contract valid at common law presumed valid in State where made.* A contract made in a foreign State which is valid at common law will be presumed by the courts of Illinois to be valid in the State where made, in the absence of contrary proof, and will be enforced by such courts unless contrary to our laws or public policy.

3. CONTRACTS—*when contract is not void as an option contract prohibited by statute.* A contract of sale by which the purchaser of a quantity of barley is given the privilege of purchasing a certain additional quantity at the same price if taken before a certain day in the future is not void as an option contract prohibited by section 130 of the Illinois Criminal Code. (*Schneider* v. *Turner*, 130 Ill. 28, and *Pope* v. *Hanke*, 155 id. 617, distinguished.)

*Schlee* v. *Guckenheimer*, 76 Ill. App. 681, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

HENRY T. HELM, for appellant.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

An action of assumpsit was brought in the superior court of Cook county by appellant, against appellee. It appears that in September, 1887, appellant, being then the owner of a brewery in the city of Columbus, Ohio, and engaged in the business of operating the same, for the purpose of procuring the barley necessary to be used in the conduct of his said business made and entered into a contract at Columbus, Ohio, with the firm of Meek & Guckenheimer, (said firm being composed of the present appellee and one William J. Meek, since deceased,) through their duly authorized agent, I. Blumenthal, which contract was in the words and figures following:

"COLUMBUS, O., *Sept. 12, 1887.*

"Sold N. Schlee five cars of sample B barley at 62c a bushel, delivered Columbus, and five cars sample C barley at 57c a bushel, delivered Columbus. Shipments October 10th and 15th. Term cash. After these five sample cars of each grade have been received, weighed and examined and found satisfactory, Mr. Schlee has the privilege to order 10,000 bushels more of each grade same price, any time to December 31, 1887. If the freight rate is less than 12c a hundred any time between Chicago and Columbus, Mr. Schlee to have the benefit of same. Cars to be loaded not less than 800 bushels.

I. BLUMENTHAL,
For Meek & Guckenheimer."

The ten car-loads of barley in said contract mentioned were delivered and paid for according to the terms of said contract. On the 15th of November, 1887, and again on the 26th of November, 1887, appellant notified said firm of Meek & Guckenheimer of his election to take said additional 20,000 bushels of barley,—10,000 bushels of each grade,—and requested them to furnish him with the same in accordance with the terms of said contract. This the said firm of Meek & Guckenheimer absolutely refused to do. Thereupon appellant commenced suit against said

Meek & Guckenheimer for the damages he had sustained by reason of the refusal of said firm to furnish him said additional 20,000 bushels of barley pursuant to the terms of said contract.

A declaration was filed on March 5, 1888, consisting of two special counts, which were simply for damages for a breach of the contract in refusing to furnish the 20,000 bushels of barley additional, upon request and demand, and alleging the contract was valid in the State of Ohio. On the 24th of December, 1895, an additional count was filed in said cause, to which additional count appellee interposed a general demurrer, his co-partner, William J. Meek, having died in the meantime. This additional count averred, and the same is admitted by the demurrer, that plaintiff was the owner of a brewery in Columbus, Ohio, and engaged in operating the same and brewing beer therein; that the intent of the parties was that the said barley should actually be delivered if ordered for the purpose of providing plaintiff with barley to conduct his brewery and business, and not the contrary; that there should not be a delivery if there was only to be a payment of the difference in price by the party losing on the rise or fall of the market; that said contract was a legal and binding contract between the parties thereto in the State of Ohio, where the same was entered into and where the same was to be executed.

To this declaration appellee demurred, assigning as special cause that the contract was in violation of section 130 of the Criminal Code of the State of Illinois, as follows: "Whoever contracts to have or give to himself or another the option to sell or buy, at a future time, any grain or other commodity, stock of any railroad or other company, or gold, or forestalls the market by spreading false rumors to influence the price of commodities therein, or corners the market, or attempts to do so, in relation to any of such commodities, shall be fined not less than $10 nor more than $1000, or confined in the county jail

not exceeding one year, or both; and all contracts made in violation of this section shall be considered gambling contracts, and shall be void." By section 131 a note given on account of any such transaction as mentioned in section 130 is void. By section 136 of the same statute it is provided that no assignment of any such note shall cut off the defense of illegality. The court sustained the demurrer and entered a judgment against appellant for costs, dismissing his suit. On appeal to the Appellate Court for the First District the judgment was affirmed, and this appeal is prosecuted.

By the common law, contracts of this character are valid, as under the common law a contract to have or give an option to sell or buy, at a future time, grain or other commodity was neither voidable nor void. (*Schneider* v. *Turner*, 130 Ill. 28.) The first two special counts allege a breach of this contract, and specially aver it was valid where made, in the State of Ohio. The additional count avers the contract was a legal and binding contract in the State of Ohio, where the same was entered into and was to be executed. Courts do not, as a rule, take judicial notice of the laws of another State or country, and their statutes or local usages must be averred and proven where relied on to aid in sustaining a cause of action or defense in this State. Such is not the rule, however, in reference to the common law, which, in the absence of proof to the contrary, will be presumed to prevail in the States of the Union. On a common law question, therefore, the courts of one State will assume that the common law is in force in a sister State, unless proof to the contrary is made. (*Crouch* v. *Hall*, 15 Ill. 263.) Under the averments of this declaration this suit is brought on a contract which was valid at common law and will be presumed to be valid in the State of Ohio, where it was made and to be executed. The common law would govern the construction of the contract, as the principle is, the *lex loci* governs in ascertaining whether

the contract is valid and what it means. *Sherman* v. *Gassett*, 4 Gilm. 521; *Woodward* v. *Brooks*, 128 Ill. 222; *Mineral Point Railroad Co.* v. *Barron*, 83 id. 365.

Where a contract is legal and binding in the State where made and is to be executed or was to be performed, the courts of this State will, upon the principle of comity, enforce the *lex loci contractus*, (*Hone* v. *Ammons*, 14 Ill. 29; *Roundtree* v. *Baker*, 52 id. 241;) where such enforcement will not be dangerous, inconvenient, immoral or contrary to the public policy of the *lex fori*. (*Phinney* v. *Baldwin*, 16 Ill. 108; *McAllister* v. *Smith*, 17 id. 328; *Mumford* v. *Canty*, 50 id. 370.) By his demurrer the defendant admits the contract was valid and binding in the State of Ohio, and the only question that arises must depend on whether the contract violates the public policy of this State or is in violation of its laws. That question must depend upon the construction of section 130 of the Criminal Code, as applicable to the facts of this case as presented by this contract.

By the contract appellee sold five cars of sample B barley at sixty-two cents a bushel and five cars of sample C barley at fifty-seven cents a bushel, to be delivered at Columbus, Ohio, for cash, shipments to be made on October 10 and 15, 1887. This violated no provision of the statute nor any rule of the common law, and was acted on by the parties and carried out. It was a contract of sale, with a particular time of performance, at a specified price of a particular commodity, to be delivered at a specified place, the failure to comply with which contract by the seller or buyer would authorize the other to have his action for such non-compliance. These five cars of each grade are by the contract declared to be sample cars, and when "received, weighed and examined and found satisfactory, Mr. Schlee has the privilege to order 10,000 bushels more of each grade, same price, any time to December 31, 1887." This clause alone does not amount to a contract. It is a mere offer to sell 10,000

bushels each of two different grades of barley, according to sample, at a specified price for each grade, the offer to be accepted by a specified time. The clause does not constitute a contract for an option, such as that in *Schneider* v. *Turner*, 130 Ill. 28. The contract in that case was: "In consideration of one dollar and other valuable considerations, receipt of which is hereby acknowledged, I hereby agree to sell, etc., 1785 shares of the capital stock, etc., at $600 per share," etc., which was clearly a contract for an option.

This proposition or offer is similar to every-day business transactions among the people of this State with reference to every character of commodities purchased for use. The offer to sell such a commodity at a specified price, if accepted by a specified time, does not constitute a violation of the statute. Its acceptance within that time is not prohibited or made a criminal offense, but is an every-day transaction necessary in carrying on business. There is nothing in this contract that is prohibited by the laws of this State, and hence it is not void. Nothing that was said in *Pope* v. *Hanke*, 155 Ill. 617, would require us to hold its provisions void. In that case the court found that the contract then before the court was a mere gambling contract, and was prohibited by the policy and laws of this State.

The superior court of Cook county erred in sustaining the demurrer to the declaration, and the Appellate Court for the First District erred in affirming that judgment. The judgment of each of those courts is reversed and the cause is remanded, with directions to overrule the demurrer.                  *Reversed and remanded.*