## · John F. Judy v. Orville Evans.

1.  SALES—*Position of Owner Who Clothes Another with the Indicia of Ownership.*—When the owner of personal property puts another in possession, and clothes such person with the *indicia* of ownership, he loses his right thereto as against subsequent purchasers and creditors of that person.

2.  CONTRACTS—*Foreign Contracts Contrary to Our Law—When Not Enforced Here.*—Where a foreign contract of sale, valid where made, is fraudulently made, or contrary to our laws, it should not be enforced to the prejudice of our citizens who may have demands against the vendee.

3.  FRAUD—*Where One of Two Innocent Parties Must Suffer.*—Where one of two innocent persons must suffer for the fraud of a third, the loss must fall on him by whose act the fraud became possible.

4.  APPELLATE COURT PRACTICE—*Where Trial is by Court and No Propositions of Law Are Submitted.*—Where a case is tried without a jury and no propositions of law àre submitted in accordance with section 42 of the practice act, no question of law is presented for this court to pass upon.

Replevin.—Appeal from the Circuit Court of Vermilion County; the Hon. HENRY VAN SELLAR, Judge presiding. Heard in this court at the May term, 1903. Affirmed. ·Opinion filed August 28, 1903.

LAWRENCE & LAWRENCE and BILLINGS & BRISTOW, attorneys for appellant.

BUCKINGHAM & DYSERT and O. M. JONES, attorneys for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an appeal from a judgment in replevin in favor of appellee and against appellant. The case was tried by the court without a jury.

The property in controversy is a team of horses sold by appellant to George and Ida Darding, on October 8, 1902, and a set of harness sold by appellant to said Ida Darding on October 15, 1902. Appellant immediately delivered the property to the purchasers and they continued in possession of same until it was levied upon by appellee. In return for

the property appellant took from the purchasers two certain sale notes or contracts, in each of which it was provided in part as follows:

"This note is given to the payee for part of the purchase money for, (describing the property). And it is expressly agreed and understood between the makers and payee of this note that the title to above described property and right of possession of the same shall remain in the payee or his assigns until this note is fully paid in cash, unless the payee or his assigns elects to make the same absolute. And it is further agreed that the payee or his assigns has full power to declare this contract at an end, and to take and keep said property at any time he or they may deem this note insecure. And the taking of said property shall not defeat the collection of this note, but it shall remain in full force, and is not payment until the cash is paid. And the said property shall remain under and be subject to the control of the payee or his assigns, until this note is paid in cash. And any permission of payee to payor to use said property shall not in the least transfer any title or right of possession to the payor. Payment of this note controlled by the laws of Indiana. Said payor further agrees to keep said property in trust as trustee for said Judy."

It does not appear that said contracts were ever recorded anywhere.

Appellant and the Dardings resided in Warren county, Indiana, near the state line between Illinois and Indiana. On December 8, 1902, Ida Darding, without the knowledge or consent of appellant, took the property temporarily to Rossville, Illinois, where it was levied upon by appellee, a constable, by virtue of a writ of attachment issued by a justice of the peace of Vermilion county against Ida Darding. Appellant demanded the property, and upon the refusal of appellee to surrender the same, brought this action. To the declaration appellee pleaded a right of property under the writ of attachment, to which appellant replied that the contract of sale was conditional, that it was made in Indiana, between parties then resident therein, and that under the law of that state no title passed to the vendee until the condition of payment named in the contracts had been fully performed; and that no third person, by purchase or otherwise, could acquire any right or title

superior or prior to the title of the vendor, and that the vendor had no knowledge of the removal, or intention to remove the property from Indiana to Illinois.

Appellee rejoined, denying that the law of Indiana was as alleged, and concluded to the country. The court found the issues for appellee and the right of property and present possession to be in him, and rendered judgment on such finding.

The oral testimony and the opinions of the Supreme and Appellate Courts of Indiana, read in evidence, established the fact that contracts of conditional sale of the kind and character of those in question in this suit, were valid in that state under its law, as announced by the Supreme and Appellate Courts; that the title to the property remained in the vendor until the condition was performed, though the possession of the property was given to the vendee, and prevailed as against innocent purchasers and execution creditors. Appellee contends that notwithstanding the contract may have been valid by the law of Indiana, it can not be enforced in Illinois, where a contrary rule prevails. It is the well settled law of Illinois that

" When the owner of personal property puts another in possession, and clothes such person with the *indicia* of ownership, he loses his right thereto as against subsequent purchasers and creditors of that person. Where one or two innocent persons must suffer for the fraud of a third, the loss must fall on him by whose act the fraud became possible." Otis v. Gardner, 105 Ill. 436; Michigan Central Ry. Co. v. Phillips, 60 Ill. 190; Chickering v. Bastress, 130 Ill. 206; Marshall v. Ender, 20 Ill. App. 312; Gilbert v. Gere, 67 Ill. App. 590; Gilbert v. Nat. Cash Register Co., 176 Ill. 288.

Appellant insists that under the legal rule of comity, the contracts should be enforced notwithstanding they are invalid in this state. In the case of Woodward v. Brooks (128 Ill. 222), where an attempt was made to enforce, as a matter of comity, a foreign voluntary assignment, valid in the state where made, but invalid in this state, the court said :

" As a voluntary foreign assignment, valid in the state where made, is enforced in this state as a matter of comity only, our courts will not enforce it to the prejudice of our citizens who may have demands against the assignor. It is contrary to the policy of our laws to allow the property of a non-resident debtor to be withdrawn from this state, before his creditors residing here have been paid, and thus compel them to seek redress in a foreign jurisdiction."

We think the principle thus laid down is applicable to the case at bar, and that while, in this state, a foreign contract, valid where made, will ordinarily be enforced as a matter of comity, yet where the contract is fraudulently made or contrary to our laws, as are the ones here in question, it should not be enforced to the prejudice of our citizens who may have demands against the vendee.

We think the trial court properly rendered judgment for the plaintiff.

The case was tried without a jury and no propositions of law were submitted in accordance with section 42 of the practice act, and therefore no question of law is presented for us to pass upon. In such case it is assumed that the trial court decided all questions of law arising in the case correctly. Mining Co. v. Frazer, 102 Ill. App. 307.

The judgment could therefore be affirmed for that reason alone.