MICHAEL W. LARENDON and Others, Copartners Doing Business under the Firm Name and Style of M. W. LARENDON & COMPANY, Appellants, *v.* OCEAN STEAMSHIP COMPANY OF SAVANNAH, Respondent.

First Department, May 31, 1918.

Replevin — sale — conflict of laws — statute of State of Georgia respecting cash sales of turpentine — such sale conditional if buyer fails to pay — when our courts will enforce foreign law — when provisions of Personal Property Law not available to commission agent in this State.

The statute of the State of Georgia providing that turpentine sold by planters and commission merchants on cash sales shall not be considered as the property of the buyer until fully paid for, although it may have been delivered to the buyer, and the decisions of the courts of that State holding that the statute renders such sale conditional, will be followed by the courts of this State where the sale of turpentine took place in Georgia and was consigned to this State.

Hence, where the consignor, who purchased the turpentine in Georgia on a verbal contract for a cash sale, failed to pay for the same and it has been determined by the courts of Georgia that the vendor of the goods has title, the consignee, who was acting as a commission agent for the consignor in this State, is not entitled to recover the turpentine in an action of replevin, although it is now in this State and the consignee has paid the carrier. The title never passed to the consignee who, being agent for the consignor, can claim no better title than the latter.

Under the circumstances the plaintiff suing in replevin is not entitled to assert the provisions of our Personal Property Law which protect a purchaser in good faith and for value unless the contract of conditional sale and reservations with respect to the title and interest of the vendee shall have been duly filed.

APPEAL by the plaintiffs, Michael W. Larendon and others, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 19th day of July, 1917, upon the decision of the court after a trial at the New York Trial Term before the court without a jury.

*Frank M. Patterson* of counsel [*John B. Loughborough* with him on the brief], for the appellants.

*John W. Farquhar* of counsel [*Herbert Barry* with him on the brief; *Barry, Wainwright, Thacher & Symmers,* attorneys], for the respondent.

LAUGHLIN, J.:

The plaintiffs were copartners engaged in the commission business in the city of New York. They brought this action on the 10th day of August, 1914, to recover seventy casks of turpentine which were delivered to defendant at Savannah on the 1st day of August, 1914, by O. T. Bourne & Co. for shipment to the plaintiffs and for which on that day defendant issued its non-negotiable bill of lading consigning the goods to the plaintiffs, and delivered the same to the consignor, who then drew a draft on the plaintiffs for $1,574.05 to the order of the Citizens Trust Company of Savannah, with the bill of lading annexed, and the trust company discounted the draft and forwarded it to its correspondent at New York city for collection. It was presented to and paid by the plaintiffs on the third day of August and they received the draft and bill of lading. The goods were then in transit. They arrived at the port of New York on the fourth day of August and on that day the plaintiffs presented the bill of lading and offered in good faith to satisfy defendant's lien for transportation and demanded delivery of the goods. On the preceding day, the third of August, the Southern States Naval Stores Company, claiming ownership, demanded a return of the goods from the defendant at the shipping point, and on that day filed a petition in trover against the defendant in the Superior Court of Chatham county, Ga., to recover the goods. Defendant's agent in New York city had been notified of that demand and action, and delivery to the plaintiffs was refused on that ground. Under date of August sixth defendant wrote plaintiffs from Savannah setting forth the demand made by the Naval Stores Company, and the action brought by it, and stating that the goods would be held pending the decision of the case which would be " answerable on Oct. 26th, 1914." On the thirteenth day of August the goods were replevied in this action and delivered to the plaintiffs who paid to the defendant its transportation charges. The plaintiffs did not intervene in the action in Georgia and the defendant filed an answer therein on the 31st day of October, 1914, putting in issue the allegations with respect to ownership of the goods by the plaintiff in that action and pleading that the goods had been taken from its possession by the writ of replevin

herein.  The issues in the action in Georgia were tried on the 27th of January, 1915, and a verdict rendered therein in favor of the Southern States Naval Stores Company for the value of the goods.  The recovery in that action was had on the theory that the goods were delivered by the Southern States Naval Stores Company to the consignor pursuant to a verbal contract of sale which constituted a cash sale within the purview of a statute of the State of Georgia, and not having been paid for on or before the second day thereafter title did not pass to the consignor.  That statute, which was pleaded as a defense herein, is section 4126 of the Code of Georgia, title 7, chapter 4, article 1, which so far as material provides as follows: "Turpentine   *   *   *   or other product sold by planters and commission merchants, on cash sale, shall not be considered as the property of the buyer until fully paid for, although it may have been delivered to the buyer: Provided, that in cases where the whole or any part of the property has been delivered to the buyer, the right of the seller to collect the purchase money shall not be affected by its subsequent loss or destruction."

The evidence on the trial of the action in Georgia with respect to the sale from the Southern States Naval Stores Company to the consignor was substantially the same as that presented on the trial of this action, and under said statute and the rules of the Savannah Board of Trade, which governed, as both the vendee and vendor were members thereof, it was held to be a cash sale and the recovery was affirmed by the Supreme Court of Georgia on that ground, and the court in affirming the judgment stated the law of that State, as it had been previously declared in construing said statute, to be that in such case " the title of the seller remains undivested until payment in full of the purchase price and may be asserted by the vendor as against a *bona fide* purchaser from his vendee," and that the carrier has no right to hold the goods against the true owner even until his freight charges are paid nor has it any lien thereon therefor notwithstanding the fact that the goods were voluntarily delivered by the vendor to the vendee.  (*Ocean Steamship Co.* v. *Southern States Naval Stores Co.*, 145 Ga. 798.)  On the trial hereof the law of

First Department, May, 1918.        [Vol. 183.

the State of Georgia applicable to the facts with respect to the sale by the Southern States Naval Stores Company to the consignor was shown by expert testimony and by decisions to be as already stated.   Not only did title to the goods not pass to the consignor, but under the Georgia statute the consignor was guilty of a crime in shipping the goods to the plaintiffs. (See Code of Georgia, § 551.)   The appellants rely on the decision of our Court of Appeals in *Comer* v. *Cunningham* (77 N. Y. 391) in which the Georgia statute, as it then existed, was considered as being declaratory merely of the common law, and that it merely rendered the delivery but not the sale conditional, and that, therefore, a *bona fide* purchaser from the vendee without notice obtained good title discharged of the lien of the vendor for the purchase money.   Since that decision, however, it has been authoritatively decided by the courts of Georgia that the statute renders *the sale conditional* and, therefore, the sale having taken place in that State, we are bound to give effect thereto in accordance with the law of Georgia.   (*Faulkner* v. *Hart,* 82 N. Y. 413; *St. Nicholas Bank* v. *State National Bank,* 128 id. 26.)   The learned counsel for the appellants contends that the point of law involved is a general commercial question and that in such case the decisions in one State are not mandatory on the courts of another State.   But this is not a question of commercial law; it is the conclusion of a statute regulating a sale in a State where the alleged sale was made.

It is further contended on behalf of appellants that the Georgia law is contrary to our laws and well-established public policy and for that reason should not be followed. If after the goods had arrived here they had been sold to a *bona fide* purchaser relying on the apparent title of the consignee there would be room for the contention now made that the Georgia statute is contrary to our Personal Property Law with respect to conditional sales of personal property by which a purchaser in good faith and for value is protected unless the contract containing the conditions and reservations with respect to the title and interest of the vendor shall be duly filed (Pers. Prop. Law [Consol. Laws, chap. 41; Laws of 1909, chap. 45], § 62.   See *Cunningham* v. *Cureton,* 96 Ga. 489; *Pulaski Mule Co.* v. *Haley & Koonce,* 187 Ala. 533; *Judy*

v. *Evans*, 109 Ill. App. 154); but the facts of this case do not present that point for decision, for here the plaintiffs were not purchasers and in paying the draft they were acting as commission agents for the consignor and can have no better claim of title than he had. There was no special agreement in advance between them and the consignor with respect to this shipment. They had done business with the consignor before under an arrangement by which they were at liberty at their election to become the purchasers on paying the draft or to sell the goods for the account of the consignor, crediting the consignor with any surplus and in case the price realized was less than they had advanced on the bill of lading, charging the consignor with the difference. But before they received and paid this draft they had decided to modify the arrangement theretofore existing between them and the consignor, and had notified the consignor by wire on August first that they would receive shipments only *for the account of* the consignor and that drafts must not be drawn for more than eighty per cent of the actual value of the goods. If the consignor had title the plaintiffs would doubtless have obtained a lien on the goods for the money advanced, but in no view of the case can their arrangement with their consignor be construed into a purchase or as giving them an interest in the goods within our statute, for they had not arrived within the jurisdiction of this State at the time they advanced the money and they are, therefore, in no position to claim protection under the statutory law of New York.

It follows, therefore, that the judgment should be affirmed, with costs.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

Judgment affirmed, with costs.