## Mamie Benza, Appellee, v. New Era Association, Appellant.

### Gen. No. 30,038.

1. SAVING QUESTIONS FOR REVIEW—*exception as prerequisite to review of order sustaining demurrer to plea.* The fact that no exception was taken to a ruling of the court sustaining a demurrer to a plea does not preclude a review of alleged error in such ruling, the pleadings being a part of the law record.

2. FRATERNAL BENEFICIARY ASSOCIATIONS—*law of domicile as controlling validity of by-law.* The asserted rule that the beneficiary of one becoming a member of a fraternal association in a State other than that of the association's domicile cannot recover on the insurance contract in violation of a by-law valid under the laws of the domicile has no application in the absence of proof that the courts of the domicile have upheld the validity of the identical by-law.

3. FRATERNAL BENEFICIARY ASSOCIATIONS—*validity of by-law making approval of tribunals of association a condition precedent to liability under insurance contract.* A by-law of a fraternal benefit association requiring the beneficiary of a life insurance contract issued thereby, to submit his claim on appeal to tribunals created or controlled by the association, whose adverse decisions must be accepted as final, held not enforceable as a bar to an action at law on the contract.

Appeal by defendant from the Superior Court of Cook county; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1925. Affirmed. Opinion filed November 23, 1925.

MUSGRAVE, OPPENHEIM, McKEEVER & LIPPINCOTT, for appellant.

EDWARD H. TAYLOR, for appellee; JAMES H. MAHONEY, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is an appeal by the defendant from a judgment of $2,000 entered upon a directed verdict in a case where the plaintiff claims as a beneficiary under a policy of life insurance issued to her son, Frank Benza, by the defendant. There is no controversy as to the death of the insured nor as to proofs thereof.

The decisive question relates to the ruling of the court sustaining a demurrer to the defendant's additional plea, which alleged that it is a fraternal benefit association, incorporated under the laws of Michigan; that on June 6, 1919, Frank Benza made written application for membership, in which he agreed that the application, together with the by-laws of the defendant association then in force, should be the sole basis of his admission in the defendant association; that at the time there was in effect, a by-law providing that the cabinet of said association should have power to pass upon all death claims, and if it held such claim invalid should notify the claimant and give her an opportunity to appear before the cabinet within sixty days and present evidence to establish the validity of such claim; that the decision of the cabinet would be final unless an appeal was taken, in which case the claimant should have an option within thirty days after notice of such action to appeal to a board of arbitration of five members, two of whom were appointed by the cabinet, two by the claimant, and these four to appoint a fifth member; that should the claimant be dissatisfied with the finding of the board of arbitration or should it fail to reach an agreement, such claimant may appeal to the senate. The by-laws further provided that unless such appeal was taken no suit at law or in equity should be commenced or maintained by any member or beneficiary against the as-

sociation on account of any benefit certificate issued, unless the claim sued upon has been allowed by the cabinet or the board of arbitration or the senate; that the beneficiary, the plaintiff herein, presented her claim to the defendant association, and it was duly submitted to the cabinet, which found that said claim was invalid and so notified the claimant, but she failed to appear before the cabinet to present evidence to establish the validity of her claim, and that said cabinet has decided that such claim is invalid and rejected the same; that no appeal has been taken from this decision of the cabinet and that it is a final adjudication according to the contract of the parties.

A demurrer to this plea was sustained, and no exception to the ruling of the court was taken. Plaintiff now argues that without such an exception alleged error in the ruling of the lower court cannot be raised for the first time on appeal. The pleadings are part of the law record, and any alleged error in rulings thereon is reviewable without exceptions. *Bennett v. Union Cent. Life Ins. Co.*, 203 Ill. 439; *People v. Powell*, 274 Ill. 222.

Citing *Modern Woodmen of America v. Mixer*, 45 Sup. Ct. Rep. 389, the point is made that the validity of such a by-law is governed by the law of the State where the association is incorporated, and the beneficiary of one becoming a member in another State cannot recover in violation of a by-law held valid in the State of the association's domicile. In the instant case the domicile of the defendant is Michigan, while the application was made in Illinois, the residence of the insured and of the beneficiary.

We cannot apply this decision for the reason that it is not shown that the courts of Michigan have pronounced the by-law in question valid. No attempt was made upon the trial to prove the laws of Michigan or any decisions of its courts. *Schlee v. Guckenheimer*, 179 Ill. 593; *Forsyth v. Barnes*, 228 Ill. 326.

We are referred in the brief to *Monger v. New Era*

*Ass'n,* 171 Mich. 622, which is said to uphold these by-laws. Assuming that the association in that case is identical with the one before us, yet we cannot say from the language of the opinion that the by-laws there considered are the same as those set forth in the plea filed in the instant case. Indeed, they appear to be different, as shown by the excerpts in the Michigan opinion. Therefore, in the absence of any showing that the Michigan courts have upheld the validity of the identical by-laws here under consideration, we are free to construe them in accordance with the decisions of our own State and with due regard for the principles of justice.

In the recent case of *Kelly v. Brotherhood of Railroad Trainmen,* 308 Ill. 508, it was noted that the courts differ in regard to enforcing those provisions of the contract or by-laws which make the approval of the tribunals of the association a condition precedent to liability, and indicates that the question has not been determined in this State.

Counsel have presented to us a number of decisions in this State in support of their respective claims for and against the validity of such by-laws. We have examined these cases and do not find any of them precisely in point. For instance, in *People v. Order of Foresters,* 162 Ill. 78, the opinion says that, where the beneficiary of a deceased member claims money due from the society on its contract of insurance, "the right to resort to the courts to coerce payment will not be abridged by the right of appeal from a lower to a higher tribunal of the society, as conferred by its laws and rules." But this statement was clearly *obiter dictum,* as the question there related to the judgment of expulsion of a member.

In *Timmerhoff v. Supreme Tent of Knights of Maccabees,* 155 Ill. App. 395, provisions somewhat similar were held valid, but one of the grounds for so holding was that the provisions in the by-laws with reference to appeals to tribunals gave the claimant the right

to prosecute his claim in the courts, which is not this case.

In *Railway etc., Conductors' etc., Ass'n v. Robinson,* 147 Ill. 138, the court construed the by-law to limit the power of the board of directors to render final decisions to those questions arising from the examination of the books and accounts of the association and in ascertaining that the business was properly conducted.

All of the other cases cited could thus be readily distinguished from the case before us, which, in its simplest elements, involves the enforceability of a by-law requiring a beneficiary to appeal to the tribunals created or controlled by the organization, whose adverse decisions must be accepted as final, thus depriving the claimant of recourse to the courts.

We conclude that upon principles of justice such provisions cannot properly be pleaded as a bar to an action at law to enforce this claim. Running all through the decisions in this State and elsewhere are found expressions indicating, at least, a strong hostile attitude towards the enforcement of provisions like these.

"Courts of justice are freely open to those who seek money due them on a contract." Niblack on Benefit Societies, 2nd Ed., sec. 313.

"While beneficial associations may require members to resort to tribunals within the order for the settlement of controversies and may exhaust such remedies before proceeding at law, they may not, directly or indirectly, wholly deprive members of the right to invoke the aid of the courts." 7 C. J., p. 1122.

It does violence to one's sense of fairness and justice to leave to one of the parties to a contract the sole and final decision as to whether or not the contract has been breached. This would be an invitation to the exercise of power arbitrarily to deprive the other contracting party of his property rights. Neither party should have such power, but should be allowed to adjudicate their differences in the courts. It is

not satisfactory to say that these are voluntary frater-
nal organizations and it is competent for the members
to agree among themselves that the decision of its
tribunal shall be final as to all claims of its members.
We can hardly conceive that one would join an or-
ganization if he knew that its tribunals would have
final and arbitrary power to deprive him of all his
property rights under the contract.

A sound distinction is made between those by-laws
relating to the discipline, policy 'or administration of
such an organization and those by-laws which attempt
to deprive a member of his right to resort to the courts
to enforce a claim for money due on the contract.

We are of the opinion that these by-laws are not
enforceable in a case of this kind and that the trial
court rightly sustained the demurrer to the additional
plea, and as the judgment properly followed it is
affirmed.

*Affirmed.*

MATCHETT, P. J., and JOHNSTON, J., concur.